```
               IN THE UNITED STATES DISTRICT COURT
            FOR THE WESTERN DISTRICT OF NORTH CAROLINA
                       ASHEVILLE DIVISION
                        1:05CV340MU-02
```

JONATHAN LEIGH HENSLEE,    )
    Petitioner,          )
                            )
      v.                 )          ORDER
                            )
NORTH CAROLINA,            )
    Respondent.          )
_____)

    **THIS MATTER** comes before the Court on petitioner's second Petition for a Writ of <u>Habeas Corpus</u> under 28 U.S.C. §2254, filed November 18, 2005. For the reasons stated herein, such Petition will be <u>dismissed</u>.

    According to pertinent Court records, on July 13, 2004, the petitioner filed his first form-<u>Habeas</u> Petition,[1] claiming that after he pled guilty to First Degree Rape, two counts of First Degree Sex Offense, First Degree Kidnaping, and Crimes Against Nature, on September 24, 2003, the Superior Court of Rutherford County convicted him and sentenced him to 28 to 36 years imprisonment. By that Petition, the petitioner further reported that he did <u>not</u> file a direct appeal.

    However, although it was not altogether clear, that first Petition made some mention of an unspecified post-conviction proceeding, for which the petitioner had not, at least up to that

---

[1] The case number for that action is 1:04cv132-2-MU.

point, received any response. Consequently, following its review of such first Petition, on September 30, 2004, the Court entered an Order dismissing the petitioner's case, without prejudice. The Court's dismissal was predicated upon the petitioner's apparent failure to fully exhaust his State court remedies.

Following that dismissal, the petitioner did <u>not</u> return to State court to exhaust his claims. On the contrary, notwithstanding the circumstances of this Court's dismissal of that Petition, the petitioner immediately went to the Fourth Circuit Court of Appeals, inexplicably seeking authorization to file a successive Petition under 28 U.S.C. §2244. Not surprisingly, therefore, on October 7, 2004, the Court of Appeals denied the petitioner's request.

Thereafter, the petitioner waited a little more than one year, then returned to this Court on this second Petition by which he again is challenging his 2003 sex-related convictions from the Superior Court of Rutherford County. That is, by the instant Petition, the petitioner is claiming that he is entitled to <u>habeas</u> relief, this time, on the grounds that at the time he was sentenced, he "did not fully understand the nature of [his] sentence [and he] felt pressured by [his] lawyer to comply with [his] sentence."

However, unlike in his first Petition, the instant Petition makes no mention or suggestion that the petitioner ever attempted to seek either direct <u>or</u> post-conviction collateral review of his

convictions and sentences.  Likewise, the instant Petition does not identify any action--other than the pursuit of authorization under §2244--which the petitioner took following this Court's dismissal of his first Petition.

Without question, the law regarding exhaustion has not changed since the time that the petitioner first filed his Petition for <u>habeas</u> review of these State court convictions.  Thus, in the absence of any indication that the petitioner actually has sought to fully exhaust his State court remedies, he simply is not entitled to challenge the instant matters in this Federal Court.  <u>See</u> 28 U.S.C. §2254(b)(2); <u>see also</u> <u>Breard v. Pruett</u>, 134 F.3d 615, 619 (4th Cir. 1998) (noting that petitioner bears the burden of proving exhaustion); <u>and</u> <u>Matthews v. Evatt</u>, 105 F.3d 907, 911 (4th Cir. 1997) (same).

Moreover, even if the petitioner did previously seek direct or collateral review of his State court cases--a point which this second Petition tends to refute, he still probably could not obtain any <u>habeas</u> review from this Court.  Indeed, in April 1996, the U.S. Congress enacted the Antiterrorism and Effective Death Penalty Act, effectively amending 28 U.S.C. §2254 by adding the following language:

A 1-year period of limitation shall apply to an application for a writ of <u>habeas corpus</u> by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review:
>
> (B) the date on which the impediment to filing an application created by State in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> © the date on which the constitutional right asserted was initially recognized by the Supreme Court; if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Furthermore, the AEDPA provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

As has already been noted, the petitioner's convictions and sentences were imposed, at the latest,[2] by September 26, 2003; therefore, in the absence of any direct appeal, those matters became final no later than mid-October 2003. See 28 U.S.C. §2244(d)(1) (noting that limitations period begins to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review."). Since no collateral review was sought by the peti-

---

[2]The petitioner's first Petition listed his conviction date as September 24, 2003, but his second Petition—the instant one—lists his date of conviction on September 26, 2003.

tioner, by this Court's calculations he had up to and including October 15, 2004 in which to pursue this <u>habeas</u> review.

Obviously, this Petition was not filed by that date. Similarly, the petitioner has not mentioned any reason for his delay in filing this second Petition. Nor has the petitioner proffered any basis to support the equitable tolling of his limitations period. Accordingly, this is yet another reason why the petitioner cannot obtain any review on the instant claims.

Based upon the foregoing, but chiefly for the petitioner's failure to fully exhaust his State court remedies after having been advised that he had to do so, this Petition is **DISMISSED**.

**SO ORDERED.**

**Signed: December 6, 2005**

Graham C. Mullen
Chief United States District Judge